1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUAN VALENCIA,<br><br>                    Plaintiff,<br><br>     v.<br><br>CALIFORNIA BUSINESS BUREAU, INC., *et al.*,<br><br>                    Defendants. | Case No. 16-cv-02953-BAS-JLB<br><br>**ORDER DENYING PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO FILE SURREPLY**<br><br>**[ECF No. 22]** |

      Presently before the Court is Plaintiff's *ex parte* application for leave to file a surreply to Defendant California Business Bureau, Inc. ("CBB")'s special motion to strike under California's statute discouraging strategic lawsuits against public participation ("SLAPP"), Cal. Code Civ. Proc. § 425.16. (ECF No. 22.) Defendant opposes. (ECF No. 23.)

      Defendant's anti-SLAPP motion seeks to strike Plaintiff's California Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act") claim based on California's litigation privilege. (ECF No. 8.) In his opposition, Plaintiff argues that the litigation privilege should not apply to his Rosenthal Act claim because of two

cases: (1) *People v. Persolve, LLC*, 218 Cal. App. 4th 1267 (2013), and (2) *Komarova v. National Credit Acceptance*, *Inc.*, 175 Cal. App. 4th 324 (2009). (ECF No. 16.) In its reply, Defendant responds to Plaintiff's discussion of *Persolve* and *Komarova*. (ECF No. 19.) Plaintiff argues that Defendant's discussion of these cases—and specifically Defendant's claim that there should be a case-by-case analysis in this context—is a new argument that should not be considered by the Court without it first granting Plaintiff leave to file a surreply. (ECF No. 22.) The Court disagrees. Defendant's reply does not impermissibly raise new arguments. Rather, it responds to Plaintiff's claim that *Persolve* and *Komarova* show the litigation privilege does not apply to his Rosenthal Act claim.

      Further, Plaintiff argues granting him leave to file a surreply is appropriate because Defendant introduces new factual arguments in its reply. (ECF No. 22.) Having reviewed the evidence submitted in support of Defendant's reply, the Court concludes granting Plaintiff leave to file a surreply on this basis is neither necessary nor warranted.

      Accordingly, the Court **DENIES** Plaintiff's *ex parte* application for leave to file a surreply (ECF No. 22).

      **IT IS SO ORDERED.**

**DATED: March 29, 2017**

Hon. Cynthia Bashant
United States District Judge